UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 AUG -4  AM 10: 01
CLERK U.S. DISTRICT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Case No. 08 MJ 2397 |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 8, U.S.C., Section |
| Lorena DIAZ ) | 1324(a)(2)(B)(iii)- |
| ) | Bringing in Illegal Alien(s) |
| Defendant. ) | Without Presentation |

The undersigned complainant being duly sworn states:

On or about **August 1, 2008**, within the Southern District of California, defendant **Lorena DIAZ**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Francisco Javier GODINEZ-Alvarado**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

_____
Alfredo Loperena, Enforcement Officer
U.S. Customs and Border Protection

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 4th DAY OF **AUGUST, 2008.**

_____
UNITED STATES MAGISTRATE JUDGE

DOA 8/1/08   ECL

## PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Enforcement Officer Fernando Cerda, declare under penalty of perjury the following to be true and correct:

The complainant states that **Francisco Javier GODINEZ-Alvarado** is a citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material; that it is impracticable to secure his attendance at trial by subpoena; and that he is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On August 1, 2008 at approximately 3:15 AM, **Lorena DIAZ (Defendant)** made application for admission into the United States at the San Ysidro Port of Entry. Defendant was the driver of a green 2000 Dodge Intrepid. Passengers in the vehicle were Defendant's daughter (B.D. a female 8 year old minor) and her cousin Maria Lara, all United States citizens. Upon inspection before a Customs and Border Protection (CBP) Officer, Defendant gave a negative Customs declaration and declared she was going to Fontana, California. Defendant further declared that they had dropped off her grandmother in Tijuana and that the vehicle belonged to her aunt. The Officer noted the vehicle had not crossing history and the driver was not the registered owner of the vehicle; subsequently, she elected to escort the vehicle to secondary for a more thorough inspection.

In secondary, CBP Officers discovered a non-factory compartment between the rear seat and the trunk. The original metal sheet that separates the trunk and the rear seat had been cut off. A speaker box compartment had been made and covered with gray upholstery. Officers obtained access to the compartment by unlatching the rear seat hooks from the rear wall. Once access was obtained an undocumented Mexican citizen was discovered inside the compartment. The male was identified as **Francisco Javier GODINEZ-Alvarado** and is now being held as a material witness.

During a videotaped interview Defendant was advised of her Miranda rights. Defendant acknowledged her rights and elected to answer questions without an attorney present. Defendant admitted knowing that there was an undocumented alien concealed in the vehicle she was driving. Defendant declared she was going to receive a monetary payment of $2,000.00 USD to smuggle Material Witness into the United States.

During a separate videotaped interview, Material Witness declared himself a citizen of Mexico with no legal right to enter the United States. Material Witness stated he intended on going to Los Angeles, California to seek residence and employment. Material Witness claims that his cousin in the United States was going to pay smugglers $2,000.00 USD upon his arrival to Los Angeles.

EXECUTED ON THIS 1st DAY OF AUGUST 2008 at 4:00 PM.

_____
Fernando Cerda / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of 1 page, I find probable cause to believe that the defendants named therein committed the offense on **August 1, 2008** in violation of Title 8, United States Code, Section 1324.

_____    8/2/08  11:30 AM
U.S. MAGISTRATE JUDGE                DATE / TIME